UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES ROGERS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-569 RM |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Petitioner Arthur Rogers, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A correctional officer wrote a conduct report accusing the petitioner of disorderly conduct. At the hearing, disciplinary Hearing Board ("DHB") changed the charge to intimidation. The board found the petitioner guilty, and imposed a loss of sixty days of earned credit time. Mr. Rogers appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present

documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

In ground two of his petition, Mr. Rogers alleges that the DHB wasn't "fair and impartial" because it didn't enter a new not guilty plea in the charge of intimidation, "this is a Fifth Amendment violation." (Petition at p. 4). "Prison disciplinary proceedings are not a part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. The Fifth Amendment has no application to these proceedings, and this allegation does not violate the Fourteenth Amendment guarantees outlined in Wolff. At the hearing, the DHB changed the charge against Mr. Rogers from disorderly conduct to intimidation, but the original not guilty plea Mr. Rogers entered at the screening stage continued in force.

In ground four of his petition, Mr. Rogers asserts that "the whole conduct report is falsified." (Petition at p. 5). Even if the reporting officer wrote a false and inaccurate report, it states no claim upon which relief can be granted if Mr. Rogers received the process due under Wolff v. McDonnell because "as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999), citing Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994), McKinney v. Meese, 831 F.2d 728, 733 (7th Cir. 1987), and Hanrahan v. Lane, 747 F.2d 1137, 1139-41 (7th Cir. 1984).

In ground one Mr. Mr. Rogers asserts that because the DHB changed the charge against him at the hearing, he didn't receive 24-hour notice of the charge, and in ground three of his petition, he asserts that the DHB denied him a written statement of the evidence it relied on to find him guilty. Giving Mr. Mr. Rogers the inferences he is entitled to at this stage of the proceedings, these grounds state a claim upon which relief may be granted.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed on grounds one and three of his petition for writ of habeas corpus, that he did not receive twenty-four hour notice of the charge and that the DHB denied him a written statement of the evidence it relied on to find him guilty;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claims presented in grounds two and four, of the petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED.

DATED: December  18 , 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court