UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES ROGERS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-569 RM |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Arthur Rogers, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. The court dismissed two of Mr. Rogers's claims pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and allowed him to proceed on a claim that he did not receive twenty-four hour notice of the charge against him and a claim that the Disciplinary Hearing Board ("DHB") did not provide him with a written statement of the evidence it relied on to find him guilty.

On February 28, 2003, the DHB found Mr. Rogers guilty of intimidation and and imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority. The respondent has filed a response to the order to show cause and the administrative record. The petitioner has not filed a traverse.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be

heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." <u>Superintendent, Mass. Correctional Institution v. Hill</u>, 472 U.S. 445, 455 (1985).

The petitioner's first claim is that he did not receive 24-hour notice of the charge against him because the DHB changed the charge at the hearing. The administrative record establishes that the reporting official wrote the conduct report against Mr. Rogers on February 20, 2003, accusing him of disorderly conduct. Mr. Rogers received the conduct report at the screening hearing on February 21. At the hearing, the DHB changed the charge to intimidation.

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges in order "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." <u>Wolff v. McDonnell</u>, 418 U.S. at 564. A DHB's modification of a disciplinary charge to a lesser offense does not violate due process where the inmate "received advance written notice informing him of the facts underlying the charge. <u>Northern v. Hanks</u>, 326 F.3d 909, 910 (7th Cir. 2003). Prison officials may change the charge at the hearing, so long as the new charge also conforms to the facts stated in the conduct report.

> . . . <u>Wolff v. McDonnell</u> does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was

2

>possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.

Holt v. Caspari, 961 F.2d 1370, 1373 (8th Cir. 1992).

Changing the rule with which Holt was accused of violating did not deny him due process because the conduct report stated facts that supported the corrected charge and provided the facts he needed to prepare his defense against that charge. The administrative record establishes that the factual basis for both the charge of disorderly conduct and intimidation against Mr. Rogers was his obstreperous conduct and the statements he made to the counselor on February 20, 2003. The defense to one charge would also constitute a defense against the other. The conduct report gave Mr. Rogers all of the information he needed to make his defense against a charge of intimidation.

Mr. Rogers also alleges that the DHB didn't provide him with an adequate written statement of the evidence it relied on to find him guilty. In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons" for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 564, quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. See McPherson v. McBride, 188 F.3d 784,

3

786 (7th Cir. 1999). The court must carefully scrutinize the sufficiency of the disciplinary board's statement of facts it relied on to find the prisoner guilty. Redding v. Fairman, 717 F.2d 1105, 1116 (7th Cir. 1983).

The disciplinary hearing board wrote that it believed Mr. Rogers was "guilty of c/r #214 better reflects violation dased on c/r (conduct report) + witnesses. Ofd. was clearly using an offensive posturing/vocalization to cause the counselor to be intimidated." (Docket #8-5).

> The line between constitutional adequacy and inadequacy is a fine, but important one. When the committee writes "based on all available evidence the resident is guilty," no agency or court can discern the basis for the Committee's rulings. If, however, the committee writes "resident is lying," or the guard saw him therefore . . . ," or resident admits he committed the act charged," or another statement establishing the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review.

Redding v. Fairman, 717 F.2d at 1116.

The DHB's written statement of facts relied on establishes the evidence that underlay its decision — the conduct report and witness statements. The conduct report is an eye-witness statement of a person present when Mr. Rogers vocalized and postured. Accordingly, it is direct evidence of guilt, and is sufficient evidence to support a finding that Mr. Rogers attempted to intimidate a counselor.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED.

DATED: May  21 , 2008

                                               /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court